**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

SILBRINA WRIGHT                                                                                           PLAINTIFF

VS.                                                                      Civil Action No. 3:09-cv-022-HTW-LRA

FINE ARTS INSTITUTE OF MISSISSIPPI, INC., AND
BILLY JAY MURPHY, INDIVIDUALLY                                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before this court is defendant Fine Arts Institute of Mississippi, Inc.'s and Billy Jay Murphy's combined motion for summary judgment, said motion having been filed pursuant to Fed. R. Civ. P. 56[1] [Docket No. 17].  On January 13, 2009, plaintiff Silbrina Wright ("Wright" or "plaintiff") filed a lawsuit in this federal forum, the United States District Court for the Southern District of Mississippi, against her employer, the Fine

---

[1] Federal Rule of Civil Procedure 56(a) reads as follows:

> A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

> Rule 56(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

> Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part, the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Arts Institute of Mississippi, Inc., ("FAIM") and its Executive Director Billy Jay Murphy ("Murphy").  Plaintiff, whose job position with FAIM was terminated against her will, alleges that defendants wrongfully discharged her, perpetrated the tort of outrage which exposes the defendants to punitive damages and violated the Fair Labor Standards Act ("FLSA"),[2] an enactment by the United States Congress.

As authorized by Title 28 U.S.C. § 1331,[3] this court has subject matter jurisdiction over this dispute, to be resolved by federal law, because a federal question is raised by the inclusion of a claim under FLSA.  This court may hear the remaining state law claims – wrongful discharge, the tort of outrage and punitive damages – under this court's supplemental jurisdiction,[4] while applying the substantive law of Mississippi. *Erie R.R. Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Having heard oral argument and having fully considered the parties' submissions and the applicable law, this court denies defendants' motion for summary judgment for the reasons set out below.

---

[2] The FLSA is a congressional statutory enactment that applies to employees engaged in interstate commerce or employees employed by an enterprise engaged in commerce.  The FLSA established a labor standards minimum wage, overtime pay, and deters oppressive child labor environments. *See* Title 29 U.S.C. § 201 *et seq.*

[3] Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States."

[4] Title 28 U.S.C. § 1367(a) provides that : "[e]xcept as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. . . . "

## I. Background

FAIM was established in 2001 by its Executive Director Billy Murphy. FAIM consists of its (1) charitable fund-raising arm which includes an operation that seeks donations and charitable gifts and (2) a bingo operation which works in a revenue-generating capacity. FAIM's primary mission, funded by its charitable arm and bingo operation, is to support arts education and live performances of music, dance, and theatre.

Plaintiff began her employment with defendants FAIM and Murphy in July 2007. Plaintiff's job title was Director of Operations. Defendants assert that just as her title implies, plaintiff handled the day to day operations of the organization. Plaintiff does not disagree, describing her duties as overseeing the bingo operation, the payroll for the bingo operation, and also the charitable operations of FAIM.

The parties dispute the amount of plaintiff's salary and the amount of hours she worked on a weekly basis. Plaintiff contends she regularly worked uncompensated overtime hours. Defendants deny the accusation, describing plaintiff as a forty (40) hours per week employee, exempt from the overtime provisions of the FLSA. During oral argument, plaintiff's counsel stated that beginning May or June of 2008 defendants did not compensate plaintiff timely, often forcing plaintiff to suffer long intervals between paychecks.

The winds which led to the instant juridical storm, says plaintiff, began to blow in October of 2008. Then, plaintiff says, she discovered that a recipient of a scholarship provided by the charitable arm of FAIM had not been properly funded. Plaintiff adds that she began investigating the matter and inquired of Murphy what could be done to

correct the situation.  Murphy, plaintiff asserts, denied that any changes needed to be made and that funding was low only because of the economy.  Plaintiff states that she was not persuaded by the answer and then determined to bring the issue to the FAIM Board of Directors.  A displeased Murphy, who was also the Board President of FAIM, continues plaintiff, then allegedly advised her that a Board meeting on that issue would not occur.

On October 31, 2008, plaintiff says that she telephoned Darcie Bishop, the Board's secretary, to bring the aforementioned issues to her attention.  In addition, plaintiff says that she telephoned the Mississippi Secretary of State's office on November 3, 2008, to report her findings.  On November 7, 2008, plaintiff met with an attorney (specifically Patricia Melvin) and investigators from the Mississippi Secretary of State's office to provide details regarding what plaintiff believed to be embezzlement and to file a formal letter of complaint.  During oral argument, plaintiff's counsel also stated that plaintiff had written a letter to Darcie Bishop in an attempt to bring the matter to the attention of the Board.  The Board never met on these matters.

The parties dispute the date of plaintiff's termination, i.e., whether plaintiff was terminated on November 7, 2008, or November 10, 2008.  All agree, however, that on one of those dates defendants terminated plaintiff's position.  Plaintiff contends that a vindictive Murphy discharged her for her stance on FAIM's questionable operations and suspicious distribution of funds, pointing also to defendants' failure to compensate her for work overtime.

According to plaintiff, Murphy's animosity towards her escalated.  He allegedly withheld payments on three of her exit paychecks and viciously caused plaintiff's felony

4

indictment under which plaintiff could have been sentenced to prison. Beginning with a criminal affidavit submitted by Murphy, a Madison County, Mississippi, grand jury indicted plaintiff on April 22, 2009, for embezzlement pursuant to Miss. Code Ann. § 97-23-19.[5] During oral argument, plaintiff's counsel argued that plaintiff believes the documents defendant Murphy used to secure her indictment were fraudulent. Plaintiff's counsel also stated that plaintiff's charge of indictment will be dismissed after she has successfully completed a one year pretrial intervention program. Meanwhile, according to plaintiff, Murphy and FAIM are being investigated by the Secretary of State's Office on various possible infractions she has reported.

## II. Legal Standard

### A. Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

---

[5] Miss. Code Ann. § 97-23-19 provides that "[i]f any person shall embezzle or fraudulently secrete, conceal, or convert to his own use, or make way with, or secrete with intent to embezzle or convert to his own use, any goods, rights in action, money, or other valuable security, effects, or property of any kind or description which shall have come or been entrusted to his care or possession by virtue of his office, position, place, or employment, either in mass or otherwise, with a value of Five Hundred Dollars ($500.00) or more, he shall be guilty of felony embezzlement, and, upon conviction thereof, shall be imprisoned in the custody of the Department of Corrections not more than ten (10) years, or fined not more than Twenty-five Thousand Dollars ($25, 000.00), or both. If the value of such goods, rights in action, money or other valuable security, effects, or property of any kind is less than Five Hundred Dollars ($500.00), he shall be guilty of misdemeanor embezzlement, and, upon conviction thereof, shall be imprisoned in the county jail not more than six (6) months, or fined not more than One Thousand Dollars ($1,000.00), or both."

### III. Analysis

**A. Fair Labor Standards Act**

Defendants first argue that plaintiff cannot establish a claim under the FLSA because plaintiff is an exempt employee and not subject to FLSA overtime pay provisions. *See e.g., Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 331 (5th Cir. 2000) (the FLSA excludes from its overtime compensation requirement employees working in an executive, administrative, or professional capacity). Defendants assert that plaintiff's core functions included non-manual administrative work which consisted of handling the day-to-day operations of the business, namely payroll, performing tax estimates, reconciling bank statements and preparing month-end financial statements. Defendants state that plaintiff exercised discretion and independent judgment and received a salary of $59,000.00. Next, defendants submit affidavits avowing that plaintiff never worked forty (40) hours in any work week during her employment.

Under the FLSA, employers must pay overtime compensation to covered employees who work more than forty (40) hours a week, Title 29 U.S.C.A. § 207(a)(1).[6] The FLSA exempts employers from having to compensate its employees for overtime pay if the employee is working in a bona fide executive, administrative or professional capacity. *Lott,* 203 F.3d at 331. An exempt administrative employee must have the

---

[6] Title 29 U.S.C.A. § 207(a)(1) provides in pertinent part that: "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

authority and power to make an independent choice, free from immediate direction or supervision and with respect to matters of significance.  29 C.F.R. § 541.0 *et seq.*; *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1224 (5th Cir.1990).

In response, plaintiff contends that her status changed from exempt to non-exempt because of changed work duties and because defendants failed to pay plaintiff her salary within normal pay periods from May 2008 until her termination in November 2008.

Plaintiff further accuses defendants of violating the FLSA by failing to keep records in accordance with the FLSA's record-keeping provisions.  *Marshal v. Partida*, 613 F.2d 1360, 1363 (5th Cir. 1980);  *Wirtz v. Keyston Readers Serv.*, 282 F. Supp. 871, 874 (S.D. Fla. 1968), *aff'd,* 418 F.2d 249 (5 th Cir. 1969);  *Wirtz v. Williams*, 369 F.2d 783 (5th Cir. 1966).  Plaintiff contends that defendants are liable here since an employer who delegates its obligations is not excused from record-keeping requirements or from any resulting liability.

### B.  Wrongful Discharge Claim

Defendants argue that plaintiff cannot establish a claim for wrongful discharge because she was a contract employee and could be terminated under Mississippi's at-will employment doctrine for any reason.  Mississippi, an employment-at-will State, follows the common-law rule that one who is under a contract of employment for an indefinite term may quit or may be terminated at the will of the employer, thus meaning that "either the employer or the employee may have a good reason, a wrong reason, or no reason for terminating the employment contract." *Kelly v. Miss. Valley Gas Co.*, 397

So.2d 874, 875 (Miss. 1981) (citing *Montgomery Ward & Co. V. Skinner*, 200 Miss. 44, 25 So.2d 572 (1946); *Rape v. Mobile and O.R.R. Co.*, 136 Miss. 38, 100 So. 585 (1924); *Butler v. Smith & Tharpe*, 35 Miss. 457 (1858)). *Berry v. Liberty Nat'Life Ins. Co.*, 879 F.Supp. 44, 45 (S.D. Miss. 1995). Defendants also aver that they had no knowledge of plaintiff's complaints to the Secretary of State, or to anyone else, before her termination.

To the contrary, plaintiff argues that defendants did have knowledge of her concerns and that she should not be precluded from asserting her claims in the face of Mississippi's at-will employment doctrine because the Mississippi Supreme Court has created two public policy exceptions to the employment- at-will doctrine in *McArn v. Allied Bruce-Terminix, Inc.*, 626 So.2d 603 (Miss. 1993). In *McArn*, the court allowed an at-will employee to sue for wrongful termination: (1) for refusal to participate in illegal activity; and/or (2) for reporting the illegal activity of an employer to the employer or anyone else. *Id*. at 607. In the present case, plaintiff alleges that she reported that defendant Murphy was embezzling funds and that she was terminated within days of her blowing the whistle.

## IV.  Conclusion

The court denies in its entirety defendants' motion for summary judgment [Docket No. 17]. This court finds that disputed issues of material fact remain with respect to plaintiff's status as an exempt employee under the FLSA and whether she labored in excess of forty (40) hours. The court also finds there to be genuine issues of material fact as to a possible causal connection between plaintiff's declarations on

defendants' alleged illegal activities and her termination. The court will also allow plaintiff to present her theory that defendants committed the tort of outrageous conduct. *See e.g., Sears, Roebuck & Co. v. Devers*, 405 So.2d 898, 902 (Miss.1981); *Donald v. Amoco Production Co.*, 735 So.2d 161, 179 (Miss. 1999).

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendants' Motion for Summary Judgment [Docket No. 17] is denied. This matter shall proceed to trial on Monday, June 14, 2010, at 9:00 o'clock a.m.

SO ORDERED, this the 8th day of June, 2010.

s/ HENRY T. WINGATE
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Civil Action: 3:09-cv-022-HTW-LRA
Memorandum Opinion and Order